**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALPHONSO E. McALESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-CV-193-GKF-PJC |
| ) | |
| STATE OF OKLAHOMA; ) | |
| D.O.C., ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 9). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 11) and a supplemental response (Dkt. # 12) to the motion to dismiss. For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice for failure to exhaust state remedies.

*BACKGROUND*

The record reflects that on April 26, 2011, in Tulsa County District Court, Case No. CF-2011-406, Petitioner entered a plea of guilty to "Failure to Register as a Sex Offender." (Dkt. # 10, Exs. 1 and 2). The trial court accepted his plea and sentenced Petitioner to four (4) years imprisonment, all suspended. Id. On May 5, 2011, Petitioner filed a timely motion to withdraw guilty plea. (Dkt. # 10, Ex. 3). The motion to withdraw plea was set for hearing on May 17, 2011. Id. The hearing was twice reset. (Dkt. # 10, Ex. 1). The motion finally came on for hearing on May 31, 2011. Id. Although counsel for Petitioner was present, Petitioner failed to appear. As a result, the motion to withdraw plea was stricken. Id.

Petitioner never withdraw his guilty plea and never perfected a certiorari appeal at the Oklahoma Court of Criminal Appeals ("OCCA"). On July 29, 2011, Petitioner, while represented by counsel, appeared before the trial judge to provide proof of registration. (Dkt. # 10, Ex. 1). He was found to be in compliance with the court's order. Id. However, on December 9, 2011, the State filed an application to revoke suspended sentence. (Dkt. # 10, Ex. 4). On December 23, 2011, Petitioner confessed the application to revoke. (Dkt. # 10, Ex. 5). The trial judge accepted Petitioner's confession and ordered him to complete a 30-day sanction in the Tulsa County Jail. Id. Petitioner was ordered to remain on suspended sentence upon his release from jail. On April 18, 2012, the state filed a second application to revoke suspended sentence. (Dkt. # 10, Ex. 6). Petitioner again confessed the application and, on April 27, 2012, the trial judge revoked the suspended sentence and sentenced Petitioner to four (4) years in custody of the Oklahoma Department of Corrections. (Dkt. # 10, Ex. 1).

Petitioner filed the instant petition for writ of habeas corpus on April 3, 2012 (Dkt. # 1). Petitioner raises two (2) claims, as follows:

>   Ground 1:   Ineffective assistance of counsel claim (predicated upon actual innocence). Counsel failed to investigate only defense and improperly advised. Counsel coerced Petitioner to plead guilty.
>
>   Ground 2:   Trial court erred and abused it's [sic] discretion (no factual basis for guilty plea).

(Dkt. # 1). In support of the motion to dismiss (Dkt. # 10), Respondent asserts that Petitioner has never presented his habeas claims to the OCCA and that, therefore, Petitioner has not satisfied the exhaustion requirement of § 2254(b). Petitioner admits that his habeas claims have not been presented to the OCCA. See Dkt. # 11.

***ANALYSIS***

A state prisoner generally may not raise a claim for federal habeas corpus relief unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(I), (ii). The state prisoner bears the burden of proving that he exhausted state court remedies, see McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009), or that exhaustion would have been futile, see Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). Requiring exhaustion may be futile if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman v. Thompson, 501 U.S. 722 (1991). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

In this case, upon review of the record, the Court finds that Petitioner has not presented his claims to the Oklahoma state courts and that he has an available remedy, an application for post-conviction relief. To satisfy the exhaustion requirement, Petitioner will be required to raise his claims in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2011-0406, and to appeal any adverse ruling to the OCCA.

3

Petitioner is advised that pursuant to Okla. Stat. tit. 22, § 1086, the state courts routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on appeal. However, the state courts may consider a petitioner's claims if he is able to demonstrate "sufficient reason" for his failure to raise the claims in a prior proceeding. Okla. Stat. tit. 22, § 1086. Significantly, the state courts have not considered whether Petitioner has "sufficient reason" for failing to raise his claims on certiorari appeal. In his petition, Petitioner avers that he never received notice of the May 31, 2011, setting for the hearing on his motion to withdraw plea. That claim as well as any claim of ineffective assistance of counsel would have to be raised as separate claims in an application for post-conviction relief to be considered sufficient reason for failure to perfect a certiorari appeal.

The Court concludes that it may not be futile to require Petitioner to return to state court to present his constitutional claims in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2011-406. Therefore, Respondent's motion to dismiss for failure to exhaust shall be granted. The petition shall be dismissed without prejudice. Should Petitioner fail to obtain relief from the state courts, he may file a new federal petition for writ of habeas corpus in this Court raising any claim he has fairly presented to the OCCA. The Court emphasizes that Petitioner must file a new petition in this Court promptly after the OCCA enters its ruling, within the time remaining, if any, in his one-year limitations period imposed by 28 U.S.C. § 2244(d).[1]

---

[1] Petitioner is advised that the one-year period will be tolled while any post-conviction proceeding, "properly filed" during the one-year period, is pending in the state courts. See 28 U.S.C. § 2244(d)(2). However, the one-year period has **not** been tolled, or suspended, during the pendency of this federal habeas corpus action. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).

4

*CONCLUSION*

Petitioner has failed to exhaust available state remedies before seeking federal habeas corpus relief. Therefore, Respondent's motion to dismiss for failure to exhaust shall be granted and the petition for writ of habeas corpus shall be dismissed without prejudice.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust state remedies.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

DATED this 30th day of November, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT